JUDGE RAKOFF



Jeffrey I. Carton
Jerome Noll
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARVIN GARCIA,
on behalf of himself and all
others similarly situated,
                  Plaintiff,

           -against-

LENDING TREE, LLC,

                  Defendant.
-----------------------------------------------------------------X

Docket No.

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

      Plaintiff, Marvin Garcia, by his attorneys, Meiselman, Denlea, Packman, Carton & Eberz P.C., as and for his class action complaint, alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

<u>Nature of this Case</u>

      1.     This action seeks to redress the failure of Defendant Lending Tree, LLC ("Lending Tree") to adequately safeguard certain confidential customer information contained in Lending Tree's customer loan request forms. As Lending Tree has recently admitted, the loan request forms contain confidential data such as name, address, email address, telephone number, Social Security number, income and employment information of Lending Tree's customers, including Plaintiff. Because of Lending Tree's failure to maintain adequate computer data security, confidential

customer data was accessed and stolen by several of Lending Tree's employees.

2.   As a result of Defendant's actions, millions of its customers have had their personal confidential information compromised, have had their privacy rights violated, have been exposed to the risk of fraud, and have otherwise suffered damages.

3.   This suit is brought, pursuant to the common law of this State, on behalf of a class of all persons who have submitted loan request forms to Lending Tree between January 1, 2006 and May 1, 2008, have been exposed to the risk of fraud as a result of Lending Tree's breach, and who were damaged thereby (the "Class"). It seeks, inter alia, compensatory damages for Plaintiff and each class member, including, but not limited to, the time and funds spent, and which will continue to be spent, to monitor financial accounts and credit history for fraudulent activity; attorneys' fees; and the costs of this suit.

## Jurisdiction and Venue

4.   Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as Plaintiff's citizenship is diverse from Defendant, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

5.   Venue is proper in this district under 28 U.S.C. § 1391(a)(2), on the grounds that a substantial part of the events relating to Plaintiff's claims occurred in the Southern District of New York.

## Parties

6.   Plaintiff Marvin Garcia is a citizen and resident of the State of New York, County of Bronx. Mr. Garcia submitted a loan request form to Lending Tree, his personal information was compromised, and he has suffered damage.

7.  Defendant Lending Tree, LLC is a limited liability company established under the laws of the State of Delaware, with its principal place of business located in Charlotte, North Carolina.

8.  Defendant Lending Tree does actual business throughout the State of New York, including through the operation and maintenance of an interactive website -- *lendingtree.com* – accessible to consumers in, and residents of, the State.

## Operative Facts

9.  Defendant Lending Tree is the leading online lending and realty services exchange that allows consumers to submit customer loan request forms and then choose from up to four competitive loan offers from major, national, regional, and local lenders across the U.S.

10. In or about April, 2008, Lending Tree first publicly announced that a wide-reaching security breach had occurred that left millions of its customers exposed to the risk of fraud from the submission of loan request documents dating back to at least October, 2006, if not earlier.

11. More specifically, in a letter dated April 21, 2008 (the "Letter"), received by Plaintiff and other class members, Lending Tree announced a security breach by its employees that led to the theft of loan submission forms submitted by Plaintiff and members of the class.

12. According to the Letter, several Lending Tree employees helped various mortgage lenders gain access to Lending Tree's customer information by sharing confidential passwords with these lenders.

13. Based on Lending Tree's own admissions contained in the Letter, these

mortgage lenders used the passwords of Lending Tree's customers, including Plaintiff, to access Lending Tree's customer loan request forms to, among other things, market loans to Plaintiff and other Lending Tree customers, all without the permission or consent of Plaintiff and other members of the class.

14.   The Lending Tree customer loan request forms which were impermissibly accessed contained confidential personal data, including but not limited to, name, address, email address, telephone numbers, Social Security numbers, income and employment information.

15.   Reportedly, the security breach began in or about October, 2006, but was not contained until early 2008. Lending Tree's pending investigation may reveal that the breach occurred even prior to October, 2006, and that the breach is still ongoing. Thus, customer loan request forms were exposed for almost three years, and all of these customers are at risk for, at a minimum, identity theft and credit report fraud.

16.   Indeed, because of the confidential customer information accessed, Lending Tree's customers were, are or may be at risk for identity theft which may lead to credit card and debit card fraud as the personal information breached may be used to obtain credit cards, debit cards and loans without the knowledge or consent of Lending Tree's customers.

17.   The almost three year delay in detecting the breach casts doubt on Lending Tree's intrusion detection procedures and system monitoring controls.

18.   On information and belief, Lending Tree violated applicable credit industry rules, including its own internal privacy protection rules promised to Plaintiff and other customers, which were purportedly put into place to protect customer loan request

forms.

19. Not surprisingly, Lending Tree is now urging its customers to monitor their credit reports for signs of identity theft or other fraudulent financial activity which resulted from this breach.

20. Lending Tree is now urging Plaintiff and its customers, at their own expense, to obtain and review their credit reports for any fraudulent activity and inquiries from creditors which were not initiated by Plaintiff and Lending Tree's authorized lenders. Lending Tree is also urging Plaintiff and its customers, at their own expense, to file a fraud alert with the three main credit reporting bureaus.

21. Rather than informing Plaintiff and its customers immediately of the breach so that they could mitigate the damage incurred as a result of the breach, Lending Tree has not offered a reason for the almost five month delay in informing Plaintiff and its customers of the breach.

22. Almost immediately after receiving the Letter, Plaintiff, at his own expense, obtained a copy of his credit report from Trans Union. He was shocked to see that his credit report had been pulled for review by almost a dozen lenders without his permission, severely effecting his credit score and causing him damage.

23. As a result of Lending Tree's actions, Plaintiff had his privacy rights violated, has been exposed to fraud and the risk of additional fraud, and has suffered damage. Plaintiff has spent, and will continue to spend, considerable time and money to monitor his credit accounts and credit history for fraudulent activity in seeking to protect, prevent and undo the harm incurred to his credit. Plaintiff is also concerned about his increased exposure to potential theft of his identity

24.   There have been numerous consumer complaints to various Federal and State authorities about the breach of Lending Tree's customer data, and web sites are full of consumers who have complained about the fact that their confidential information has been breached and that they will now have to monitor, at their own expense, their credit reports for fraudulent activity.

25.   As referred to above, no adequate notice has been provided to Plaintiff, and no consent or bargained-for approval has been granted by Plaintiff or other Lending Tree customers who submitted customer loan request forms, that their confidential information may be impermissibly accessed by others. Nor did Defendant provide any notice, adequate notice or full disclosure of the fact that its customers' confidential personal information was breached almost two years ago, in October, 2006.

## Class Action Allegations

26.   Plaintiff brings this action on his own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class (the "Class") of all persons who have submitted loan request forms, and other forms containing personal and confidential information, to Lending Tree, have been exposed to the risk of fraud as a result of Lending Tree's breach of its customers' information, and who were damaged thereby, during the period from January 1, 2006, to the present.

27.   Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

28. This action is brought as a class action for the following reasons:

   a. The Class consists of at least thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

   b. There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

      i. whether Defendant was negligent in protecting its customers' confidential personal and financial information;

      ii. whether Defendant breached its implied contracts with Plaintiff and the class in not safeguarding properly their confidential personal and financial information;

      iii. whether members of the Class have sustained damages and, if so, the proper measure thereof; and

      iv. whether Defendant should be enjoined from having its customers' confidential personal and financial information breached and publicized.

   c. The claims asserted by Plaintiff are typical of the claims of the members of the Class;

   d. Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including related litigation involving consumer fraud;

   e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

      i. Absent a class action, Class members as a practical

matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional customers will be harmed, and Defendant will continue to retain its ill-gotten gains;

    ii.    It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

    iii.    When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

    iv.    A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions; and

    v.    The lawsuit presents no difficulties that would impede its management by the Court as a class action.

    f.    Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate; and

    g.    The prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Defendant and of inconsistent or varying adjudications for all parties.

29.    Defendant's violations of the common law are applicable to all members of the Class, and Plaintiff is entitled to have Defendant enjoined from engaging in unlawful conduct in the future.

## FIRST CAUSE OF ACTION
(Negligence)

30. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 29 above as if fully set forth herein.

31. Defendant Lending Tree owed a duty to Plaintiff and the class to use reasonable care to keep Plaintiff's and the class' confidential personal and financial information that is, or was, in its possession and control private and secure.

32. Defendant breached its duty to use reasonable care in protecting Plaintiff's and the class' confidential personal and financial information from being stolen and compromised by inadequately safeguarding this confidential information in violation of, among other things, common and ordinary industry-wide rules and regulations.

33. Defendant further breached its duty to Plaintiff and the class to use reasonable care to protect its customers' confidential personal and financial information from being stolen and compromised by failing to use reasonable care to implement and maintain appropriate security procedures designed reasonably to protect the confidential personal, financial and credit report information of Plaintiff and the class. Lending Tree knew or should have known that its network for processing and storing customer loan request forms and customer confidential personal and financial information had security vulnerabilities. As such, Defendant was negligent in continuing such data processing in light of those vulnerabilities and the sensitivity of the data, and this breach of security and access to the private and confidential information of Plaintiff and the Class was reasonably foreseeable.

34. Lending Tree also owed a duty to Plaintiff and the class to use reasonable

care to prevent the unauthorized access, use and dissemination of confidential personal and financial data and other non-public information. Defendant did not do so and unlawfully breached this duty.

35. Moreover, Lending Tree owed a duty to Plaintiff and the class to inform Plaintiff and the class in a timely manner when their confidential personal and financial information became compromised. Disclosure was required so that, among other things, Lending Tree's customers could take appropriate measures to avoid harm to their credit scores, avoid the consequences of identity theft, and monitor their credit reports for fraudulent activity.

36. Defendant breached this duty by failing to notify Plaintiff and the class in a timely manner when their confidential information became compromised. Thus, Plaintiff and the class were harmed by Defendant's delay in notification because, among other things, credit reports have been obtained without the permission of Plaintiff and the class, resulting in, among other things, lower credit scores and other fraudulent activity.

37. The resulting personal and financial burden, including but not limited to, the loss of time and money spent by Plaintiff and the class in seeking to prevent or undo further harm and other economic and non-economic damages, were the direct and proximate result of Defendant's violations of its duties of care, as described above.

38. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's negligence, the amount of such damages to be determined at trial.

## SECOND CAUSE OF ACTION
(Breach of Implied Contract)

39. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 38 above as if fully set forth herein.

40. Upon providing confidential personal and financial information to Lending Tree in order to transact business with Lending Tree, Plaintiff and the class entered into implied contracts with Lending Tree such that Lending Tree would safeguard this confidential information and notify Plaintiff and the class promptly of any and all theft of their information.

41. Without such implied contracts, Lending Tree's customers (including Plaintiff and the class) would not have submitted their confidential personal and financial information to transact business with Lending Tree

42. By reason of the foregoing, Defendant breached its implied contracts with Plaintiff and the class, and Defendant is liable to Plaintiff and the Class for damages incurred as a result of Defendant's actions, the amount of such damages to be determined at trial.

## THIRD CAUSE OF ACTION
(Injunctive Relief)

43. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 42 above as if fully set forth herein.

44. Given Defendant's wrongful actions as set forth above, which may be ongoing and continuing to harm Plaintiff and members of the Class, the Court should a) preliminarily and permanently enjoin Defendant Lending Tree from having its customers' confidential personal and financial information breached and publicized; b)

order Defendant to strengthen the security of its computer network used to process customer loan request forms; c) immediately to take all steps necessary to disclose to Defendant Lending Tree's current and past customers the extent of the breach, and the exact dates of the breach; and d) order Defendant to provide for credit monitoring services for Plaintiff and the class.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1.  Certifying this action as a class action, pursuant to Rule 23(a) and 23(b)(3) of the Fed.R.Civ.P., with a class as defined above;

2.  On Plaintiff's First Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

3.  On Plaintiff's Second Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

4.  On Plaintiff's Third Cause of Action, a) preliminarily and permanently enjoining Defendant Lending Tree from having its customers' confidential personal and financial information breached and publicized; b) ordering Defendant to strengthen the security of its computer network used to process customer loan request forms; c) immediately to take all steps necessary to disclose to Defendant Lending Tree's current and past customers the extent of the breach, and the exact dates of the breach; and d) ordering Defendant to provide for credit monitoring services for Plaintiff and the class;

5.  Awarding Plaintiff interest, costs and attorneys' fees; and

6.    Awarding Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Fed.R.Civ.P., Plaintiff hereby demands a trial by jury.

Dated:    White Plains, New York
May 15, 2008

By:

MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.

Jeffrey I. Carton (JC8296)
Jerome Noll (JN7542)
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000

Attorneys for Plaintiff

207421.WPD